WILLIAM MONTGOMERY *et al.*, plaintiffs in error, *v.* DANIEL B. BROWN *et al.*, defendants in error.

*Error to Cook.*

A mortgagor, with various other persons who were represented in a bill in chancery for the foreclosure of a mortgage, as claiming an interest in the premises as subsequent purchasers, judgment creditors or incumbrancers, were made defendants. A decree of foreclosure was rendered against all of the defendants. One of them was not served with process: *Held*, that the decree against him was erroneous. As to two others, the sheriff returned that he had made service on them, "by leaving a copy at their usual place of abode, with a white person above the age of twenty, and informing him of of the contents:" *Held*, that this service was insufficient, the statute requiring it to be made by delivering a copy to the defendant, or by leaving a copy at his usual place of abode, with some white person *of the family* above the age of ten years, and informing such person of the contents; *held* further, that the name of such white person should be stated in the return of the sheriff. Five others were served "by reading the summons to them." Three of them appeared, and as to the other two defendants, the sheriff was permitted to amend his return by showing due service on them: *Held*, that the voluntary appearance of three cured the defect of service, and that the Court could permit a return to be amended according to the facts of the case. The State Bank was made a party, and the sheriff made return that he had served by delivering a true copy to T. M., and the Court also permitted him to withdraw the summons, and to amend the same out of Court, by adding that T. M. was president of the State Bank of Illinois: *Held*, that the amendment was allowable, and that it was not a valid objection that it was made out of Court, the sheriff acting under the responsibility of his oath of office.

A decree can only be reversed as to some of the defendants to a bill in chancery, and affirmed as to others, where there are several matters in controversy and different adjudications are necessary.

It is one of the cherished objects of a Court of Equity, to avoid a multiplicity of actions concerning the same subject matter, by bringing all parties interested before it, and making a full and complete settlement between them of their rights. Hence the general rule, that all persons ought to be made parties, whose rights or interests may be affected by the decree, and this rule is especially applicable to the case of a foreclosure, where a sale of the mortgaged premises is sought. All persons interested in the equity of redemption should be made parties.

BILL IN CHANCERY to foreclose a mortgage, &c., filed in the Cook Circuit Court by the defendants in error against the plaintiffs in error. At the November term 1839, the Hon. John Pearson,—a Circuit Judge under the prior organ-

ization of the Courts,—presiding, the bill was taken as con-
fessed, and the premises mentioned in the mortgage decreed
to be sold, &c.

The decision of the cause in this Court was based upon
defects of service, the mode of which is stated by the Court
in their Opinion.

*J. Young Scammon,* and *J. A. McDougall,* for the plain-
tiffs in error.

There was no service on Rogers, one of the defendants to
the bill, by publication or otherwise; the decree against him,
therefore, was erroneous. The service on the other defend-
ants was insufficient. R. L. 119, § 4; *Townsend* v. *Griggs,*
2 Scam. 366; *Bellingal* v. *Gear,* 3 do. 575.

A sheriff may be permitted to amend his return, in some
cases according to the facts. In this case, the sheriff was
permitted to amend contrary to the facts.

*S. T. Logan,* for the defendants in error.

It is not expected to sustain the decree as to Rogers, as
he was not served with process.

The amendments by the sheriff were within the discre-
tion of the Circuit Court, and not ground for error. The
evidence, on which they were permitted, was a matter for
its consideration. It was to decide on the facts of the case,
and the affidavits laid a proper foundation for the amend-
ments.

If the decree is to be reversed for want of service on
Rogers, it is not necessarily reversed as to the others. Only
so much of the decree as is erroneous is to be reversed.
Such is the law. In this case, the interests of the parties are
several. It was not necessary to a decree against the others
that Rogers should be made a party. It was a decree of fore-
closure, and he was merely a judgment creditor. The error
is only to his prejudice.

We do not object to a reversal of the decree as far as all
of the judgment creditors are concerned.

Montgomery *et al. v.* Brown *et al.*

The Opinion of the Court was delivered by

Treat, J.*    This was a bill in chancery, filed in the Cook Circuit Court, for the purpose of foreclosing a mortgage executed by William Montgomery to D. B. & N. J. Brown. The mortgagor, together with various other persons who are represented in the bill as claiming an interest in the mortgaged premises, as subsequent purchasers, judgment creditors, or incumbrancers, were made defendants.

Rogers, one of the defendants, was never served with process. On a summons issued against two of the defendants, the sheriff of Kane county made the following return: "Served on William M. Plum and James L. Campbell, by leaving a copy at their usual place of abode, with a white person above the age of twenty, and informing him of the contents." The sheriff of Cook county returned that he had made service on the defendants, McClure, Cook, Botsford, G. S. Hubbard, and H. G. Hubbard, by reading the summons to them. A summons was issued against the State Bank of Illinois, another defendant, on which the sheriff of Sangamon county made return of service, by the delivering of a true copy to Thomas Mather. An affidavit was filed, shewing the non-residence of the remaining defendants, and they were regularly notified of the pendency of the suit by publication. None of the defendants ever appeared or answered the bill.

At the November term 1839, the bill was taken *pro confesso* against all of the defendants, and a decree entered, directing the master to sell the mortgaged premises, to pay the sum of $13,270·83, the amount found due on the mortgage. At the October term 1840, the master reported the sale of the premises, and the execution of a conveyance to the purchaser.

At the November term 1843, the defendants, Cook, Botsford and G. S. Hubbard, filed their written stipulation, waiving the defective service of process on them. During the same term, the Court gave the sheriff of Cook county leave to amend his return on the original summons, which he did, by shewing due service on the defendants, McClure and H. G. Hubbard. At the April term 1845, leave was given the

---

*Young, J., did not sit in this case.

sheriff of Sangamon county to amend his return, and for that purpose the summons was allowed to be withdrawn from the files. He amended the return by adding that Thomas Mather was president of the State Bank of Illinois.

The defendants prosecuted a writ of error to this Court. The principal objection taken to the decree of the Circuit Court is, the want of proper service of process on the defendants. This objection is decisive as to the defendant, Rogers. There is no pretence of service on him. The objection is also valid as to the defendants, Plum and Campbell. The statute requires the sheriff to make service of a summons in chancery, by delivering a copy to the defendant, or by leaving a copy at his usual place of abode, with some white person of the family, above the age of ten years, and informing such person of the contents. R. L. 119; Rev. Stat. 94.

According to the decision of this Court in the case of *Townsend* v. *Griggs*, 2 Scam. 366, the return of the sheriff was defective in not stating that the person with whom he left the copy, was a member of the family in which the defendants resided. We are now inclined to go further and say, that the name of the person should be stated in the return. Where this is done, a clue is furnished the defendant, which enables him to follow up the officer's conduct, and ascertain at once the truth of the return. If upon inquiry the return is found to be false, there will be no difficulty in enforcing his remedy against the sheriff.

The return of the sheriff of Cook was also defective. The defect was subsequently cured, as far as three of the defendants were concerned, by their voluntary waiver of the service. The service on the defendants McClure, H. G. Hubbard and the State Bank of Illinois, was made good by the amended returns of the sheriffs. It was insisted on the argument, that the Court erred in permitting the sheriff of Sangamon to amend his return, without appearing before the Court and making the amendment under its direction. We do not conceive this to be the necessary practice. If the return of the sheriff is alleged to be defective, it is the duty of the Court to allow him to amend it, and for that purpose, when convenience requires it, to permit the process to be

Montgomery *et al. v.* Brown *et al.*

withdrawn. It is the duty of the sheriff to amend it according to the facts of the case. In doing it, however, he acts not under the control of the Court, but from his own recollection, on his own responsibility, and at his peril. He is a sworn officer, charged by law with the execution of process, and his return, from considerations of public policy and convenience, is conclusive between the parties. If he makes a false return, the injured party has a perfect remedy against him. The defendants were, therefore, all properly before the Court except Rogers, Plumb and Campbell. They were not legally served with process, and of course, not bound to appear to the action. The decree as to them is erroneous.

It is contended by the complainants, that the decree may be reversed as to them, and affirmed as respects the other defendants. To this it may be answered, that the decree is a joint one, granting the complainants the same relief against all of the defendants. It is not like the case where several matters are in controversy, and different adjudications are made between the parties. In such case, the Court may inquire into the propriety of each adjudication, and affirm what is right, and reverse what is wrong. Here, the question does not relate to the merits of the controversy, but to the power of the Court to hear and determine them. The complainants having made these persons defendants, the Circuit Court had no authority to hear the cause until they were brought before it, or ceased to be parties by the dismissal of the bill as to them. This Court has no power to change the parties to the case, as it would most certainly do by pursuing the course suggested. There are other considerations which forbid it. It is one of the cherished objects of a Court of Equity, to avoid a multiplicity of actions concerning the same subject matter, by bringing all of the parties interested before it, and making a full and complete settlement between them of their respective rights. Hence the general rule, that all persons ought to be made parties, whose rights or interests may be affected by the decree. This rule is especially applicable to the case of a foreclosure, where a sale of the mortgaged premises is sought. All persons having an interest in the equity of redemption, and in the distribution

of the surplus, are highly proper, if not indispensable parties. Such are subsequent purchasers and incumbrancers; they are entitled to redeem; they have the right to show payment of the mortgage, or any other matter which will lessen the amount required to redeem, or increase their interest in the surplus. If a sale is ordered, the surplus, instead of going to the mortgagor, should be applied, in the first place, to the extinguishment of their liens. f the mortgagor is only made a party, the surplus will be paid to him, and the rights of purchasers and incumbrancers may be thereby greatly hazarded, if not entirely defeated. If a part only of the incumbrancers are made parties, the surplus may be divided among them, to the exclusion of the rest having an equal and perhaps a prior equity. It is frequently a matter of considerable difficulty to correctly determine the order of payment as between different incumbrancers. These considerations shew the great propriety, if not indispensable necessity, in requiring, whenever practicable, all subsequent purchasers and incumbrancers to be made parties to a bill for foreclosure, and furnish the strongest reasons why Courts are justified in refusing to determine the case, till they are made parties, and an opportunity afforded them of asserting and protecting their rights.

The decree of the Circuit Court is reversed, with costs; and the cause is remanded for further proceedings.

*Decree reversed.*