## IRIONS v. THE KEYSTONE MANUFACTURING CO.

1. **Original Notice**: ERROR IN COPY OF: JURISDICTION NOT AFFECTED BY. Where the original notice served was in due form, and the return of service thereon showed that the service was properly made by reading the notice to the defendant and by delivering to him a copy thereof, but the original notice named the twenty-fourth day of May as the first day of the term at which the defendant was to appear, that being in fact the first day of the term, while the copy served on defendant named the second day of May as the first day, *held* that it was not a case of no service, but of defective service, which did not affect the jurisdiction of the court, and that a judgment rendered thereon was not voidable for want of jurisdiction.

2. ———: ———: REMEDY OF DEFENDANT. In such case, where it appeared that the notice had the effect to cause defendant to take legal counsel as to whether he was bound to appear at the term beginning May 24th, and, in reliance upon the advice so received, he did not appear, *held* that he had no ground for a suit in equity to set aside the judgment; and that the facts in the case gave him no ground for a proceeding, under subdivisions 4 and 7 of section 3154 of the Code, to set aside his default.

<em>Appeal from Guthrie Circuit Court.</em>

SATURDAY, JUNE 16.

ACTION in equity to obtain the cancellation of a judgment and a new trial. The plaintiff avers that the rendition of the judgment was without jurisdiction, and was obtained by fraud. There was a decree for the defendant. The plaintiff appeals.

*McCaughan, Dabney & McCaughan,* and *C. A. & J. G. Berry,* for appellant.

*C. S. Fogg,* for appellees.

ADAMS, J.—The appellee obtained judgment against the appellant at the May term, 1881, of the circuit court of Guthrie county, which term commenced May 24th. The want of jurisdiction to render the judgment, which the appellant sets up as one ground of action, is alleged to consist in the fact that the court failed to get jurisdiction of his person. The facts are that the original notice served was in due form, and the return of service thereon showed that the service was properly made by reading the notice to the appellant and by delivering to him a copy thereof. It might seem, perhaps, that the officer's return should have been deemed to conclude the appellant, and, if false, to have remitted him for his remedy to an action against the officer. *Slayton v. Chester,* 4 Mass., 478; *Bott v. Burnell,* 9 Mass., 96; *Messer v. Bailey,* 31 N. H., 9; *White River Bank v. Downer,* 29 Vt., 332. The appellant, however, averred, and, without objection, introduced evidence showing that the return is false; that what was delivered to him as a copy of the notice was not a true copy, and was different from the notice in this, that it showed that the term commenced on the second day of May instead of the twenty-fourth. The appellee, as we understand, concedes that the service was made in the manner in which the appellant claims that it was; but it contends that such fact did not affect the jurisdiction of the court; that it was not a case of no service, but of merely defective service, and that, whatever rights the appellant might have by reason of such fact, it is not his right to have the judgment declared void. In this we have to say that we think that the appellee's position is well taken. *Shawhan v. Loffer,* 24 Iowa, 217; *Pratt v. The Western Stage Co.,* 27 Iowa, 363; *De*

**1. ORIGINAL notice: error in copy: jurisdiction not affected by.**

*Tar v. Boone County*, 34 Iowa, 488; *Lyon v. Vanatta*, 35 Iowa, 521; *Farmers' Ins. Co. v. Highsmith*, 44 Iowa, 330.

We are not unaware that, after the appellant had suffered judgment to be taken against him by default, in an action in

2. ——: ——: which the notice and return of service were regu-

remedy of
defendant.    lar, his position was not free from embarrass-
ment, and especially, if on motion to set aside the default he could not be allowed to dispute the return by showing error in his copy. But his difficulty, so far as this point is concerned, was not such, we think, as to entitle him to relief in equity. It was his right to apply to the officer to amend his return, and it would have been the officer's duty and privilege, under leave of court during his term of office, to make the amendment, if the rights of third parties would not have been affected. *Montgomery v. Brown*, 7 Ill., 581; *Dunn v. Rodgers*, 43 Ill., 260; *Spoor v. Holland*, 8 Wend., 445; *Gavitt v. Doub*, 23 Cal., 78; *Adams v. Smith*, 5 Cow., 280. Having obtained the amendment showing the default in service, the appellant would have been in a condition, if the term at which the judgment was rendered had not expired, to move to set aside the default. In so moving, however, it would, of course, have been incumbent upon him to show excuse. Here, we apprehend, he would have met his most serious difficulty. While he could not have shown excuse without showing the error in his copy, it does not follow that he could have shown excuse by merely showing such error. It would have been incumbent upon him to show that he was misled by it and prevented from defending. Whether he was thus misled we shall have occasion to consider in another part of the opinion.

If the term had expired before he was in a condition to move to set aside the default, he had still a remedy under section 3154 of the Code, provided only he could bring himself within its provisions. The appellee insists that the appellant, having such remedy, if any, should have resorted to it, instead of filing a petition in equity. To this the appel-

lant replies that his petition, though called a petition in equity, may properly enough be regarded as a petition under that section. Without committing ourselves to his theory, we will, for the purposes of this opinion, adopt it as correct. We have, then, the question whether, if the petition be so regarded, the appellant has shown that he is entitled to have the judgment set aside. He relies upon two subdivisions of that section, the fourth and seventh; we will consider the latter first. That provides for setting aside a judgment where the judgment defendant has been prevented from defending by unavoidable casualty or misfortune. The appellant contends that he has brought himself within that provision. In determining whether he has, we have first to consider his averments. As touching this point he has made some averments, both in his petition and an amendment thereto. But none of them seem to have been made expressly with the view of showing unavoidable casualty or misfortune, and, what is more, his averments are not consistent with each other. In his amendment to his petition, he avers that he was misled by the error in his copy, and was kept in ignorance of the term to which the action was brought, and was thereby prevented from making an appearance and interposing his defense. This, if it stood alone, we are inclined to think, might be regarded as a sufficient averment of unavoidable casualty or misfortune. But in his sworn petition he shows a state of facts which are quite the reverse. According to his sworn petition, he discovered, before default, the error in his copy, and was not misled by it. He shows that he employed an attorney and took counsel with him in respect to the error, and whether the service was such that he was bound to appear at the term to which the action was brought, commencing May 24th, and was advised by his attorney that he was not; that he relied upon this advice, and failed to appear because he was so advised. If anything more were needed to show that the appellant was not prevented from defending by unavoidable casualty or mis-

fortune, we might say that the evidence fully proves the aver-ments of the petition, and disproves those of the amendment.

There only remains to be considered whether the appellant has brought himself within the fourth subdivision.  That provides for setting aside a judgment for fraud practiced by the successful party.  The averments relied upon as showing fraud are, in substance, that the appellee had no valid claim against the appellant; that the appellee knew such fact, and brought the action wrongfully; and fraudulently concealed from the appellant notice thereof.  No extended discussion of this point is necessary.  We have already seen that the notice was not only not fraudulent, but was sufficient to bring the appellant into court.  Having had his day in court, he cannot be allowed to relitigate the claim, and show what he failed to show only by reason of his own neglect.  In no view of the case, then, does the appellant appear to be entitled to the relief which he asks, and the judgment must be

AFFIRMED.