Deutsch Roemisch Katholischer Central Verein v. Lartz.

94 255<br>a192s 485

# Deutsch Roemisch Katholischer Central Verein v. Mary Lartz.

1. AMENDMENTS—*Of Sheriff's Return—Nunc Pro Tunc Orders.*—A sheriff's return may properly be amended by an order *nunc pro tunc,* entered after the judgment is rendered.

2. JURISDICTION—*What Does Not Operate to Divest a Court of.*—The mere fact that through an error a demurrer had been filed in the name of a defendant and afterward withdrawn by leave of the court does not operate to divest the court of its jurisdiction, previously obtained through the service of summons, to enter a default.

3. PRACTICE—*Nunc Pro Tunc Orders in Supplemental Records.*—When an order appears of record permitting the withdrawal of a demurrer to a declaration after judgment had been entered by default in the

suit, the apparent discrepancy in the record in that the demurrer did not appear to have been withdrawn when the default was entered is cured by a *nunc pro tunc* order shown by a supplemental record.

4. NUNC PRO TUNC ORDERS—*Power of the Court to Enter.*—The Circuit Court may, at a subsequent term, cause the clerk to enter upon the record of the court an order made at a previous term at which judgment was rendered, provided there is some minute or memorial paper from which it can be determined what such order made at the previous term was.

**Assumpsit.**—Error to the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed March 14, 1901. Rehearing denied April 4, 1901.

**Statement.**—This suit was originally begun by defendant in error against a defendant known as St. Nicholaus Unterstuetzungs Verein, and afterward, by leave of court, the plaintiff in error was made a co-defendant. The record shows that both defendants appeared and demurred to the defendant in error's *narr.* Afterward counsel who had filed the demurrer obtained leave of court to withdraw it and to withdraw their appearance erroneously entered as counsel for plaintiff in error. Then defendant in error dismissed her suit as to the St. Nicholaus Unterstuetzungs Verein and took default and judgment against plaintiff in error.

The files of the suit in the court below became lost, and leave of court was obtained to supply the lost process and pleadings by copies thereof. The copy of the summons to plaintiff in error shows the sheriff's return as follows:

" Served the within writ on the within Deutsch Roemisch Katholischer Central Verein, a corporation, by reading the same to and leaving a copy with George J. Schmidt, as agent of said corporation, this      day of June, 1898, the president, vice-president, secretary and treasurer, superintendent, general manager, or other officers not found within my county.

(Signed)      JAMES PEASE, Sheriff,
By Henry Spears, Deputy."

Afterward the original files were found. The summons showed the following return:

" Served this writ on the within named Deutsch Roemisch

Katholischer Central Verein, a corporation, by delivering a copy thereof to George J. Schmidt, president of said corporation, this 2d day of June, 1898.

> JAMES PEASE, Sheriff.
> By Henry Spears, Deputy."

On October 31, 1899, plaintiff in error having been defaulted, judgment was rendered against it.

On November 3, 1899, the court permitted the sheriff to amend his return so as to make it read as follows:

"Served this writ on the within named defendant, Deutsch Roemisch Katholischer Central Verein, a corporation, by delivering a copy thereof to George J. Schmidt, agent of said corporation, this 2d day of June, 1898. The president of said corporation not found in my county.

> JAMES PEASE, Sheriff.
> By Henry Spears, Deputy."

The order permitting the attorneys who had appeared and filed a demurrer for plaintiff in error to withdraw their appearance and demurrer, was, through fault of the clerk, not entered prior to the judgment, but by a *nunc pro tunc* order of June 16, 1900, the order permitting the withdrawing of the demurrer was entered as of October 28, 1899, which was prior to the entry of the judgment.

BROWNING & SHEPARD, attorneys for plaintiff in error; GEORGE H. KRIETE, of counsel.

CARL ALEXANDER VOGEL, attorney for defendant in error; DANIEL V. GALLERY, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

The assignments of error question the sufficiency of the sheriff's return of the summons to plaintiff in error, and the propriety of a default judgment at a time when the record disclosed a demurrer of plaintiff in error on file and undisposed of. The supplemental record filed by defendant in error disposes of both of these questions. For by it there appears an amendment of the sheriff's return, from which it is seen that the sheriff had properly served the writ and that the court had thereby acquired jurisdiction of the per-

son of plaintiff in error more than a year before the judgment term.    This amendment was proper.    Montgomery v. Brown, 7 Ill. 581; Hawes v. Hawes, 33 Ill. 286; O'Connor v. Wilson, 57 Ill. 226; Terry v. Eureka College, 70 Ill. 236; Chi. P. M. Co. v. Nat'l Bank, 86 Ill. 587; Chi. P. M. Co. v. Nat'l Bank, 97 Ill. 294.

The mere fact that through an error a demurrer had been filed in the name of plaintiff in error, which was afterward withdrawn by leave of court, did not operate to divest the court of the jurisdiction obtained through the service of this summons.    The supplemental record also discloses that a *nunc pro tunc* order, entered after the judgment, operated to make the order permitting the withdrawing of the demurrer relate back to a time prior to the judgment. Therefore the apparent discrepancy in the record, in that the demurrer did not appear to have been withdrawn when the default of plaintiff in error was entered, is cured by the *nunc pro tunc* order shown by the supplemental record. The order seems from its recitals to have been based upon an inspection of memoranda or memorial paper, viz., the affidavit filed by the attorneys on the 28th of October, 1899, by which it was made to appear that they had inadvertently filed the demurrer in the name of plaintiff in error without authority.    The order, therefore, appears to have been proper.    Howell v. Morlan, 78 Ill. 162; Church v. English, 81 Ill. 442; Gebbie v. Mooney, 121 Ill. 255.

In Gebbie v. Mooney, *supra*, the court said that the Circuit Court " may, at a subsequent term, cause the clerk to enter upon the record of the court an order made at a previous term at which judgment was rendered, provided only there shall be some minute or memorial paper from which it can be determined what such order, made at a previous term, was."

The order there in question was, as here, an order disposing of a demurrer, which was shown by the record before amendment to be undisposed of, and by the amendment was shown to have been disposed of before judgment.    And by the same decision it is held that if the party excepting to

such an order desires to question the sufficiency of the memorial paper relied upon by the court, he must preserve the evidence presented and his exceptions to the sufficiency thereof by a bill of exceptions.

Counsel for plaintiff in error excepted to the entering of this *nunc pro tunc* order, and obtained leave to file a bill of exceptions within a time fixed, but filed none.

Being of opinion that the apparent errors in the original record are shown by the supplemental record not to exist, we see no reason for disturbing the judgment.

No other questions are raised by the briefs of counsel. The judgment is affirmed.

ADDITIONAL OPINION UPON PETITION FOR REHEARING.

PER CURIAM.

Upon petition for a rehearing the attention of the court is called to the fact that by a supplemental record a bill of exceptions was brought here, which bill of exceptions was made to preserve the exceptions of plaintiff in error to the entering of the *nunc pro tunc* order permitting the withdrawing of the demurrer. In the opinion of the court disposing of the appeal, the court said that plaintiff in error had not thus preserved his exceptions. This record was not brought to the attention of the court by an abstract thereof. The fault, however, was not of counsel for plaintiff in error, for a motion was made by them for leave to file such an abstract, and was denied. We are of opinion, however, that even though it should be made to appear that the memoranda or memorial paper used by the court as the basis of the *nunc pro tunc* order was insufficient for that purpose, yet the judgment should be affirmed. Counsel for plaintiff in error had informed the court through their affidavit that the demurrer filed by them was improperly filed through inadvertence, and that it was not the demurrer of plaintiff in error, but of another defendant. If the court, without any order permitting the withdrawal of the demurrer, yet proceeded to judgment against plaintiff in error, it was an informality, and an error of which plaintiff

in error ought not to be permitted to avail. There was no prejudice to it, for confessedly it had. not demurred or appeared. It is the pendency of the undisposed-of demurrer of a litigant which precludes the court from proceeding to judgment until it is disposed of, and the presence upon the files of a paper which is known to the court to be no pleading of any party to the suit should not thus operate.

There is no merit in the defense.

The petition is denied.