## SMITH v. CANDLE CREEK DREDGING CO.

### SAME v. ALASKA DREDGE ASS'N.

Second Division.   Nome.   July 19, 1924.

Nos. 2937, 2938.

**I. Process ☜41—Summons.**

Defendants appeared specially and moved to quash the summons, because it did not indicate on its face that the original summons was under the seal of the court. *Held*, where the return shows personal service on the defendants, we do not regard the omission to indicate, by a scroll, that the original summons was under seal, as fatal to the service.

**2. Process ☜41—Summons.**

Where the teste in the summons expressly mentions that the seal of the court is attached, and the copy served contains a like notice, it cannot be concluded that the defendants were misled by the omission of a scroll to indicate the place of the seal.

☜See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the two cases above entitled, the defendant Miners' & Merchants' Bank of Alaska and defendant E. E. Pearce appeared specially and moved to quash the summons, based upon the fact, alleged in their affidavit filed herein, that the copy of the summons handed to and left with said defendants did not indicate on its face that the original summons was under the seal of the court.

James Frawley, of Nome, for plaintiff.

O. D. Cochran and Geo. D. Schofield, both of Nome, for defendants.

LOMEN, District Judge. The return of the United States Marshal shows personal service upon said defendants; but, assuming the facts stated in said affidavit to be true, we do not regard the omission to indicate, by a scroll, that the original summons was under seal, as fatal to the service.

Section 1562 of the Compiled Laws of Alaska provides that the clerk of the district court, among his enumerated powers, shall keep the seal of the court and "affix it in all cases where he is required by law."

Section 875, Compiled Laws of Alaska, defines the requisites of the summons; but attaching the seal of the court to the same is not made one of the requisites.

In 21 R. C. L. 1325, it is said:

"Obviously, the copy need only show material parts of the writ itself, e. g., mistakes in copying the teste or date, * * * or else that they relate to something like a seal, which is only to evidence the validity of the writ and is not a part of it"—citing note, L. R. A. 1917C, 154, 158.

At page 154 above it is said:

"The copy served need not indicate that the original is sealed"—citing cases.

It will be observed that the teste in the summons expressly mentions that the seal of the court is attached, and the copy served contains a like notice. Under these circumstances, it cannot be concluded that the defendants were misled by the omission of a scroll to indicate the place of the seal.

The marshal serves the summons by delivering a copy thereof, but the marshal is not the custodian of the seal, and could not make an imprint of the same if he would. Hughes v. Osborn (1873) 42 Ind. 450.

Would a scroll have bettered the situation or made the service more effective? We think not. Irions v. Keystone Mfg. Co., 61 Iowa, 406, 16 N. W. 349; Union Furnace Co. v. Shepherd, 2 Hill (N. Y.) 413; Peters v. Crittenden, 8 Tex. 131.

Motion to quash denied.