liability, are the same, which in other cases would be essential to his protection.

Judge McBride concurring, the judgment is affirmed.

Scott, J., did not sit in this cause.

---

AUSTIN vs. NELSON.

It is no ground to set aside a judgment by default, that the attorney of defendant, through mistake or by attending to other business, neglected to plead.

## APPEAL from St. Louis Court of Common Pleas.

### *Statement of the Case.*

Nelson sued Savage and Austin by petition in debt on a note for $400, dated 21st April, 1837, which Nelson held as the assignee of Taylor and Holmes, and service was had in time for September Term of the Common Pleas, commencing on 21st of September, 1846. On the 23rd, the 3rd day of the term, Nelson took a judgment by default against Austin on the note. A motion was made to set aside the judgment by default, which was overruled, and exceptions being duly taken the defendant appealed to this Court.

By the affidavits of the defendant, Austin and his attorney A. M. Gardner, it appears that some time before the term of court, Austin employed Gardner, an attorney at law, to plead to this case. Gardner sent the defendant for his certificate in bankruptcy, and the defendant could not find it. Gardner had two suits in court on notes, and one of them was a suit in assumpsit on the common counts, and the other was this case by petition in debt. He swears that he confounded the two cases in such a manner that he thought this was a case in which he had six days to plead. This circumstance and the inability of Mr. Austin to find his certificate in bankruptcy, prevented the filing of the plea in time.

Gardner had prepared his plea to file on the morning of the 3rd day before court opened, but being detained by a law suit did not get into court before the judgment had been taken. No time was lost, and the motion was made forthwith to set aside the default. Austin swears that he had a good and substantial defence on the merits, having been fully discharged in bankruptcy.

Hill & Hart, *for Appellant, insist:*

1. There does not appear to have been any evidence before the court but the instrument of writing, and upon that instrument of writing the court entered judgment.

Now we hold that no final judgment could be rendered in the case without proof of the endorsement of Taylor and Holmes, and therefore that the judgment in this case is illegal and void.

2. That the affidavit of Abraham M. Gardner accompanied with the affidavit of the defendant Austin, shews that the absence of the attorney for Austin was unavoidable, and without this, no default would have been had in said case, and that the Common Pleas ought to have granted a new trial to the defendant Austin.

In support of this, the defendant refers to the principle laid down in the case of Beazley vs. Shapleigh, 1 Price, 201; Sayer vs. Finck, 2 Cain., 306.

3. That by the affidavit of Gardner as attorney for Austin, accompanied with the facts stated in Austin's affidavit, the defendant shows a clear case of meritorious defence to the action, and shows that the failure to plead in said case was not the defendant Austin's fault, but altogether unavoidable. See Fourdoinier vs. Bradbury, 3 Barn. & Ald., 328; Mavlyn vs. Podger, 5 Burroughs, 2631; et vide 4 Munroe, 4 & 5, 440; DeRoufigny vs. Peale, 3 Taunt., 484.

4. That when Gardner suffers a judgment to pass against Austin without a trial, clearly by mistake, and to the prejudice of Austin, who shews merits in his defence which is a complete bar to the plaintiff's right of recovery, the default aught to have been set aside, and the defendant allowed to come in and plead. In support, defendant relies upon the doctrine laid down in Riley vs. Emerson, 5 New Hamp. R., 531; Wimer vs. Young, 1 J. J. Marsh., 52.

Holmes, *for Appellee, insists:*

1. A default will not be set aside without merits and diligence, both of the party and his attorney. Field & Cathcart vs. Matson, 8 Mo. R., 686; 4 Mo. R., 557; 7 Mo. R., 6–25; 6 Mo. R., 254; Kirby & Potter vs. Chadwell, 10 Mo. R., 392.

2. A new trial will not be granted in order to admit a plea of bankruptcy, which is an unconscionable defence not favored in law. Story's Pl. in civ. ac., 72, (k) sec. 2; Salk, 644 & 648; Elliott vs. Leake, 4 Mo. R., 543. A default will not be set aside to admit a plea of the statute of limitations, which is not favored in law; 6 Hill's R., 223; Smith vs. Brampton, Salk, 644, note [a.]

Per Curiam.—This case comes within the principle decided by this court in the case in 8 Mo. R., 686; 10 ib., 392. The judgment is affirmed.

---

CHARLOTTE (of color) vs. CHOUTEAU.

1. Slavery may exist without any positive law authorizing it.

2. The existence of slavery in fact is presumptive evidence of its legality.

3. It is not necessary to shew any general custom in a country of holding negroes in slavery to prove its legality. If it be found to exist in fact even to a limited extent, and no positive law prohibiting it be shewn, it will be deemed legal.

4. It is not the policy of the slave States to favor the liberation of negroes.