## JONES v. LEECH.

1. **Judgment**: VACATION OF: NEGLIGENCE OF ATTORNEY. The negligence of attorneys in failing to interpose a defense where a valid one existed, does not constitute a sufficient ground for disturbing a judgment.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 11.

ACTION upon a promissory note. The defense of usury was pleaded thereto. There was an appearance for defendant at the trial, and a judgment had for plaintiff. Defendant filed a petition to vacate the judgment and for a new trial upon the ground that the attorney employed by him to defend the case had negligently and fraudulently failed to take testimony and appear and defend at the trial, and suffered judgment to be taken in the case. No fraud or improper practice is charged against plaintiff, or his attorneys. It is shown that the attorney is insolvent and has left the State. The petition shows that defendant has a good defense to the note based upon usury.

Jones v. Leech.

A demurrer to the petition for a new trial was overruled, and plaintiff, standing upon his demurrer, appeals. '

*Hurd & Daniels*, for appellant.

*Pollock & Shields*, for appellee.

Beck, J.—We are all agreed that the demurrer was erroneously overruled. The petition shows that the defense to the note was not presented upon the trial, on account of the negligence and fraud of defendant's attorney. No fraud, however, is charged against the other party. The law regards the neglect of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Were courts authorized to disturb judgments because of the neglect and unskillfulness of attorneys appearing in the cases, the character of these adjudications of the courts for stability would be wonderfully impaired. It would frequently occur that a judgment would not be regarded as settling the rights of the parties, until the court had, in a proceeding of this character, passed upon the skill and diligence of the counsel. This would not result so often from actual negligence or want of skill of attorneys, as from the disposition of litigants to avail themselves of every possible avenue of escape from the consequences of defeat. The rule is not intended for the protection of the legal profession, but is founded upon the necessity of regarding judgments as final between the parties. It does, however, incidently result in benefits to both clients and lawyers. Diligence, faithfulness and learning, not responsibility for want of these qualities, is the security of the client for due care in the management of his business. No higher guaranty, or one more secure, can be provided by the law. As these qualities recommend attorneys to the confidence of the people, they will be cultivated and prized by the profession.

1. JUDGMENT: vacation of : negligence of attorney.

The rule we have announced has the support of numerous cases. *State v. Elgin*, 11 Iowa, 216; *Field et al. v. Matson*, 8 Mo., 686; *Keby et al. v. Chadwell*, 10 Mo., 393; *Austin v. Nelson*, 11 Mo., 192; *Gehrke v. Jod*, 59 Mo., 522; *Burk v.*

*Stokely et al.*, 65 N. C., 569; *Powell v. Washington*, 15 Al., 803; *Foster v. Jones*, 1 McCord, 116; *Babcock v. Brown*, 25 Vt., 550; *Spaulding et al. v. Thompson et al.*, 12 Ind., 477; *Davison v. Haffron*, 31 Vt., 687.

Other questions discussed by counsel need not be considered, as the judgment of the court overruling the demurrer for the reasons above stated must be

REVERSED.