ANNA JACKSON, Appellant, v. HENRIETTA GOULD.

**Practice.** A motion to retax costs should be made in the suit in which the costs were taxed, and not in a suit brought to set aside the judgment in the cause in which the costs were taxed. It is proper to strike it if filed in the suit to set judgment aside.

**NEW TRIAL.** A decree of foreclosure will not be set aside in equity because plaintiff's attorneys made a mistake of a small sum in computing the amount due and because of the neglect of defendant's attorneys in allowing such mistake.

*Appeal from Marshall District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, DECEMBER 14, 1895.

Suit in equity to set aside and correct a decree rendered in a foreclosure proceeding in which the defendant herein was plaintiff and plaintiff was defendant, and for a new trial. The lower court sustained a demurrer to the plaintiff's petition, and plaintiff appeals.—*Affirmed.*

*Timothy Brown* for appellant.

*J. L. Carney* for appellee.

Deemer, J.—The decree in the original foreclosure case was rendered on the first day of September, 1893, and the petition was filed in this case on the sixth day of September, 1894. It is stated in the petition that the court found there was due the plaintiff in the

foreclosure proceedings (defendant in this) the sum of three hundred and twenty-two dollars, but that the decree, which was prepared by the attorneys and signed by the court by mistake, found the amount due to be six hundred and eleven dollars and sixty-two cents, and ordered the foreclosure of the mortgage, and a sale of the plaintiff's property to satisfy this amount, with costs. It is conceded by plaintiff that she was represented in the foreclosure case by two attorneys, and she says that she relied upon them "to see that the judgment was rendered upon a proper computation, and her rights protected; but she believes that they, in the hurry of business, did not compute the interest, and neglected to examine the decree, as they should have done, or see that her rights were protected." She further avers that she did not discover the error until the day she filed the petition in this case, and further states "that she had no means left to protect her rights but to apply for a new trial, * * * and to correct the amount in the decree by error, mistake, or fraud that has entered into it, although she does not charge intentional fraud in the attorneys for the defendant, but a gross error in computation." She further avers "that the defendant, by her attorneys in the said action, by error or mistake, drew and prepared the decree for the sum of $611.62." Plaintiff also included in her petition and filed in this case a motion to retax costs in the foreclosure case. The defendant filed a motion to strike from the petition the motion to retax costs, and afterwards demurred to the petition. Both motion and demurrer were sustained, and the appeal is from these rulings.

There are twelve grounds of the demurrer, but our discussion of the case will be limited to two. We

may premise our remarks upon the real issues by saying that it is undoubtedly the law that in a proper case a defendant may have a bill of review, and secure a new trial of a suit or action, even after the expiration of the year given by the statute for new trials. But such review can only be had for some of the reasons given in the Code by section 3154. *Lumpkin v. Snook*, 63 Iowa, 515 (19 N. W. Rep. 333); *McConkey v. Lamb*, 71 Iowa, 636 (33 N. W. Rep. 146). We turn, then, to see whether the petition in this case is based upon any of the causes enumerated in this statute. The only paragraphs having any relevancy to the question are:

"(3) For mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order.

"(4) For fraud practiced by the successful party in obtaining the judgment or order. * * *"

"(7) For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

Now, the petition in the case does not allege either mistake, neglect, or omission of the clerk or irregularity in obtaining judgment. It expressly negatives any fraud on the part of the defendant or her attorneys, in obtaining the judgment, and clearly recites that plaintiff was in fact defended by her attorneys in the foreclosure proceedings. The action seems to be based upon the mistake of the defendant's attorneys, coupled with negligence on the part of the attorneys who represented plaintiff in the original suit. This, as we have seen, is not a ground for new trial in equity. The negligence of the plaintiff's attorneys was her neglect, and the court of equity will not give relief in an action based thereon. *Jones v. Leech*, 46 Iowa, 186. It seems quite clear to us that the petition does not state a good cause of action. This

conclusion imposes no great hardship upon the plaintiff, for according to her own statements, the mistake in the original decree amounts to but a small sum.

A decision to the other questions argued by counsel is not essential, for we hold that, under the allegation of her bill with reference to the mistake made in the computation of the amount due, the plaintiff is not entitled to the relief demanded.

II. The motion to retax costs was properly stricken. It was entitled as this case, and filed with reference to it, and not in the original case, where it properly belonged. For this reason, if for no other, the motion attacking it was good. The order and decree of the district court are *affirmed.*