Catherine McCormick, Appellant, v. Matt McCormick, and E. N. Bailey.

**Vacation of Judgment:** pleading: *Denial by operation of law.* Where plaintiff brought action to vacate a judgment finding her to be insane, on grounds that it was procured by fraud and that she had a good defense, such allegations are denied by operation of law, and the burden of proof rests on plaintiff.

Fraud not proven.  In an action in which plaintiff was adjudged to be of unsound mind, her attorney, fearing the effect her testimony might have, with her consent to the appointment of a guardian, he agreed on a person appointed.  The trial judge, on the day of trial, had informed plaintiff that she should be present and agreed with her that, if a guardian was to be appointed, he would appoint a certain person. *Held,* that the facts did not show the judgment to have been procured by fraud.

Unavoidable casualty and misfortune.  In an action to have a decree vacated which adjudged plaintiff to be of unsound mind, brought under Code, section 4091, providing that a judgment may be vacated for unavoidable casualty or misfortune preventing the party from defending, the fact that plaintiff allowed herself to be removed and concealed during the trial because her attorney feared the effect her testimony might have, is not such casualty or misfortune as will avoid the judgment ; since, if plaintiff was of sound mind, such act was mistaken judgment only, and, if she was so unsound of mind as not to realize the effect of her absence, she was not entitled to a rehearing.

Failure of attorney to interpose valid defense.  A judgment cannot be vacated for fraud or negligence of attorneys in not interposing a valid defense, under Code, section 4091, authorizing vacation of judgment for fraud in obtaining it.

*Appeal from Sac District Court.*—Hon. Z. A. Church, Judge.

Thursday, December 14, 1899.

Petition to vacate a judgment and for a new trial of a case entitled "Matt McCormick against Catherine McCormick," in which it was sought to have defendant, plaintiff

herein, decreed to be of unsound mind, and to have a guardian appointed for her. The grounds stated for a new trial are that the original proceedings were fraudulent, and that plaintiff was mislead by her counsel and others, and did make defense thereto, as she had intended. The case was tried to the court, resulting in a judgment dismissing the petition, and plaintiff appeals.—*Affirmed.*

*J. S. Frazier* for appellant.

*C. D. Goldsmith* for appellees.

DEEMER, J.—The proceeding was brought under Code, section 4091, which provides, in substance, that a final judgment or order may, after the term at which it was rendered, be vacated, modified, or a new trial granted for fraud practiced in obtaining the same, or for unavoidable casualty or misfortune preventing the party from defending. It is also provided, in sections 4096 and 4097, that the judgment shall not be vacated until it is adjudged there is a defense to the action in which the judgment was rendered, and that the court must first try and decide upon the grounds to vacate or modify before trying the validity of the defense.

The record discloses that on November 17, 1897, Matt McCormick commenced a proceeding to have Catherine McCormick, his mother and plaintiff herein, adjudged incapable, on account of her age and infirmity of mind, of caring for herself or her property; that the court to which the petition was addressed appointed one J. J. McCormick temporary guardian in vacation; that thereafter the defendant in that action employed the firm of Tait & Jackson to defend against the proceedings; that these attorneys filed answer; and that the cause was tried to the court on the issues presented by the petition and answer, resulting in an order and judgment finding that Catherine McCormick was of unsound mind, and appointing one Bailey as permanent guardian of her person and property. It is claimed that the proceedings were fraudulent, in this: that Matt McCormick and J. J. McCormick conspired and confederated

together to bring the action, and thus deprive plaintiff herein of the use and benefits of her property; that she was in court at the term at which the original action was tried, prepared to make defense thereto, but that her attorneys, or one of them, sent her away, and that at the time the case was reached for trial, said attorneys announced that the case was disposed of, and that all witnesses for defendant were discharged; that the allegations of the petition that plaintiff herein was suffering from bodily or mental infirmity and was of unsound mind were false and untrue, and known to be untrue to her attorneys; and that she is not unsound of mind, and has a good defense to the action. These allegations were all denied by operation of law, and the burden was on plaintiff to make out cause for vacation of the order and for a new trial, under the provisions of the statute before referred to. Evidence was adduced to show that at the time the guardians were appointed, and at the time this action was commenced, plaintiff was sound of mind, and fully capable of transacting business; but that fact alone is not sufficient ground for vacating the judgment. Evidence was also offered by plaintiff to the effect that, just before the day set for the trial of the original proceedings, her attorney, Mr. Tait, directed that she be taken out into the country, and her whereabouts concealed from all persons whomsoever. But we are satisfied from the whole record that this direction was given at the solicitation of a daughter of plaintiff, and that plaintiff herself was cognizant of the facts inducing the direction, and consented thereto as fully as she was competent to do so. It appears that the daughter and the attorney were both convinced, after interviewing the plaintiff on several occasions, that if she went upon the stand as a witness it would prejudice her case, and that she was sent to the country, and her whereabouts concealed, by reason of the fact that it was feared plaintiff in the original proceedings would subpœna her, and thus have the benefit of the evidence afforded by her appearance in court.

There is no suggestion of fraud in the conduct of her attorney. On the contrary, he appears to have acted in good

faith, with the best of motives, and in strict accord with the·
wishes of plaintiff and her daughter. It also appears that
evidence was adduced by plaintiff in the original case at the·
hearing thereof, and that it was not a consent decree. True,.
the attorneys agreed upon the permanent guardian, but that:
they had a right to do. It may be that plaintiff's attorney·
could not consent to the appointment of a guardian, as he·
appeared, not only in the capacity of regular attorney, but·
was also appointed guardian *ad litem;* but there is no pre-·
tense that he expressly agreed to the order for the appoint-·
ment of a permanent guardian. Plaintiff's daughter agreed:
to the selection of the permanent guardian, after much quar-·
reling with her brothers, and the agreement was acquiesced
in by plaintiff's attorney. It also appears that the judge of
the court who tried the original case had many conversations
with plaintiff with reference to the appointment of a
guardian for her, during the time at which the case was set·
for trial; that she was told by the judge of the day the·
case was assigned for trial, and informed that she should be·
there; and that it was agreed between the judge, the plaintiff,
and her daughter, that, if a guardian was appointed, it·
should be a Mr. Bailey. These facts fall short of establish-
ing fraud in the procurement of the original judgment and
order. Plaintiff therein did nothing that would justify even.
a suspicion of covin. *Brownell v. Bank,* 63 Iowa, 754.

Was there such unavoidable casualty or misfortune as·
prevented plaintiff from defending the main action? If she·
was of sound mind, and made the arrangements set·
forth with her attorney, it is evident that it is a case·
of mistaken judgment, rather than a misfortune or·
casualty, such as the statute recognizes. *Irions v. Manufactur-*
*ing Co.* 61 Iowa, 406; *Heathcote v. Haskins,* 74 Iowa, 560.
Again, fraud and negligence of an attorney in not interposing·
a valid defense is not ground for vacating a judgment and
granting a new trial. *Jones v. Leech,* 46 Iowa, 186; *Jackson*
*v. Gould,* 96 Iowa, 488. If plaintiff was so unsound of·
mind at the time she had the conversation with her attorney·

and was directed to go to the country, that she did not comprehend the effect of her absence upon the pending proceedings, then it is clear that a new trial should not be granted because of the fact that she had no defense to the proceedings against her. The guardian *ad litem* did not agree to the decree rendered in the original case. That was based on evidence introduced at the hearing. There was no error in dismissing the petition, and the judgment is AFFIRMED.

GRANGER, J., not sitting.