## M. C. HEDRICK, Appellant, v. SMITH & REED.

**Judgments:** VACATION OF SAME: FRAUD. The mere prosecution of an unfounded claim, or erroneous allegation as to a fact is not ground for setting the judgment aside under Code, section 4091: so that the taking of a personal judgment for a special assessment of street improvement against one not the owner of the property when the assessment became a lien and not therefore personally liable, based on an assumption of ownership without an express allegation to that effect, does not constitute fraud which will authorize a vacation of the judgment.

**Same:** CASUALTY OR MISFORTUNE. Although an attorney is generally employed to look after a client's business, yet if the client fails to advise him of the commencement of a particular action so that he may appear and defend, such negligence will bar the right to have the judgment set aside on the ground of unavoidable casualty.

**Same:** TIME OF COMMENCING ACTION. An action under Code, section 4091, to vacate a judgment on the ground of fraud or casualty, after the expiration of the time fixed by statute, can only be maintained upon a showing of good cause for not having acted within the time; and where it appeared that plaintiff's agent knew of the judgment within three months of its rendition the proceeding to vacate will not lie.

*Appeal from Wapello District Court.*—HON. C. W. VERMILION, Judge.

WEDNESDAY, MARCH 11, 1908.

IN October, 1905, the plaintiff filed her petition in equity asking that a judgment for $372 and a decree in connection therewith making such judgment a lien upon certain lots, rendered in favor of the defendants in this action and against the plaintiff, which were entered upon default in June, 1904, be set aside and a new trial granted on account of fraud in obtaining such judgment and unavoidable casualty and misfortune preventing this plaintiff from defending therein. The allegations of the petition as to fraud, casualty and misfortune were denied, and after a trial on the merits a decree was entered dismissing plaintiff's petition, and from this decree the plaintiff appeals.

*Steck; Daugherty & Steck,* for appellant.

*Tisdale & Heindel* and *C. F. Clark,* for appellees.

McCLAIN, J.— The judgment which plaintiff seeks to have set aside was in an action in which these defendants, claiming as owners of certificates of purchase at tax sale of three lots for delinquent street improvement assessments, asked to have judgment against the defendant (this plaintiff) as the owner of said lots, and to have such judgment decreed to be a lien thereon. No appearance being made for the defendant in that action, judgment was rendered as prayed. This plaintiff now alleges that she was not the owner of the

lots at the time the special assessments became a lien thereon, and therefore was not personally liable for such assessments; that the defendants in this action, with knowledge of the fact that plaintiff was not personally liable, fraudulently took default against her; and that the failure of an attorney generally employed to represent her to interpose any defense, although he had knowledge of the pendency of the action, constituted such casualty and misfortune as to entitle her to equitable relief. It is conceded that the right of plaintiff to relief must be found within the provisions for new trial on petition as specified in Code, section 4091, which is exclusive as to the grounds on which such relief may be granted, although the time within which it may be granted may be extended by a court of equity on a showing that the proceeding is prosecuted with reasonable diligence after discovery of the fraud, casualty, or misfortune. *Ruppin v. McLachlan,* 122 Iowa, 343; *Lumpkin v. Snook,* 63 Iowa, 515.

I. The only fraud imputed to defendants in connection with taking their judgment by default was in asserting a right to a personal judgment against this plaintiff for special assessments under which they had

1. JUDGMENTS: vacation of same: fraud.

bought in the property at tax sale, when, in fact, to their knowledge, the plaintiff was not personally liable therefor. That plaintiff would have been liable to a personal judgment for such assessments in favor of a certificate holder had she been the owner of the property at the time they became liens under the provisions of Code 1873, section 478, is conceded. *Burlington v. Quick,* 47 Iowa, 222; *Talcott v. Noel,* 107 Iowa, 470. The fraud of these defendants, therefore, in asking a personal judgment against plaintiff for the assessments, consisted in the fact assumption, without express allegation, that the plaintiff was the owner of the lots when the assessments became liens thereon, and that defendants had knowledge that plaintiff was not such owner and was as a matter of law not personally liable for such assessments, or in the assumption as matter of law

that the purchaser at tax sale for the special assessments acquired the right of the city and the holder of the assessment certificates to hold the owner of the lots personally for the assessments. Had this plaintiff interposed in that action the objection that her ownership at the time referred to was not alleged, the plaintiffs in that action would have been defeated for failure to make such allegation, or, having made it, would have been defeated according to plaintiff's claim as to the fact on failure to prove the truth of such allegation, and as to the law question would have been defeated by a ruling that the purchaser at tax sale did not acquire the claim of the city or the certificate holder to a personal judgment. We, therefore, have as to the question of fraud the proposition in plaintiff's behalf that the taking of judgment without an essential allegation as to the truth of which they must have necessarily failed in the proof and with knowledge of the facts, or the assertion of a claim unfounded as matter of law constituted fraud requiring the setting aside of the judgment. The allegation and proof as to this essential fact, and the legal conclusions drawn therefrom, were therefore intrinsic, that is, necessarily involved in the action itself, and it is now well settled in this court that even an allegation of a fact known to be false, and the establishment of that fact by testimony also known to be false, do not afford sufficient ground for setting aside a judgment on the ground of fraud. *Graves v. Graves,* 132 Iowa, 199. The mere prosecution of an unfounded claim or erroneous allegation as to a fact does not constitute fraud. *Brownell v. Storm Lake Bank,* 63 Iowa, 754; *Irions v. Keystone Mfg. Co.,* 61 Iowa, 406. In *Larson v. Williams,* 100 Iowa, 110, it was held that to take a personal judgment against the wife joined with her husband as defendant, when she had reason to believe that the only relief sought was the extinguishment of her dower interest, plaintiff well knowing that he had no claim for a personal judgment, constituted fraud; but in this case there was no ground for the plaintiff to suppose that de-

fendants were seeking against her any other judgment than that asked, to-wit, a judgment for the recovery of a sum of money and a decree making the judgment a lien on her property.

The correctness of the legal proposition as to the personal liability of the lot owner to the tax purchaser was also intrinsically involved in the decree. There is no evidence here that the allegations of this plaintiff's ownership of the lots at the time the assessments became liens thereon would have been false to the knowledge of these defendants, nor that they could not have established that fact by satisfactory and unperjured testimony. True it is that there was testimony in this case that plaintiff was not in fact the owner of the lots which had constituted a portion of her husband's estate before his death, which was prior to the making of the assessments. But we do not think that it necessarily follows that the essential averment in plaintiff's original action could not have been made out, or at least that a question of fact on that point would not have been presented without the introduction of false testimony. However that may be, there was no fraud on the part of these defendants unless it consisted in taking a judgment which could only properly be rendered on the assumption that a fact existed which did not exist, and evidence that defendants knew the fact to be otherwise than as necessary to support their claim is entirely wanting unless it is to be inferred from the present proof that plaintiff was not the owner. Certainly such proof does not make out a case of fraud; and, as already indicated, if it did make out a case of fraud, the fraud was intrinsic in the action itself, and not extrinsic in such sense that it can now be relied upon as furnishing ground for equitable relief.

II.   With reference to the ground of unavoidable casualty and misfortune the evidence shows that plaintiff was 2. SAME: casualty or misfortune. twice personally served with original notice of the institution of the action, and that she paid no attention to these notices, assuming as the result

of a conference with her lawyer, had before any question of such an action had arisen, in which consultation she had been assured that she could not be personally held liable for the assessments. It appears that the lawyer was her general adviser and did represent her in litigation, but she does not make any showing that would justify us in finding that there was such employment of the lawyer as to require him to appear in cases not brought to his attention by her. There is evidence that this lawyer was present in the courtroom at the time the judgment against plaintiff was taken, that his attention was called to the case, and that he then stated to the court that he knew nothing about it.

It may be difficult to fully reconcile the various opinions of this court relating to the question whether negligence of an attorney in failing to interpose a defense in an action is on the one hand imputable to the client so as to bar the client from equitable relief from a judgment rendered on failure to make such defense, or, on the other hand, such casualty and misfortune happening without the client's fault as to furnish ground for such relief. But an examination of the cases will show that we have held it to be necessary, in order to justify relief on account of the failure of the attorney to make defense, that a plain breach of duty or something in the nature of unavoidable calamity must be made to appear. The mere failure of the attorney to do that which he was under no obligation to do, or his lack of good judgment as to the steps which should be taken in his client's behalf, has never been held sufficient. For illustrations see: *McCormick v. McCormick,* 109 Iowa, 700; *Church v. Lacey,* 102 Iowa, 235; *Ennis v. Building Association,* 102 Iowa, 520; *Peterson v. Koch,* 110 Iowa, 19; *Jackson v. Gould,* 96 Iowa, 488; *Grove v. Bush,* 86 Iowa, 94; *Sioux City Vinegar Mfg. Co. v. Boddy,* 108 Iowa, 538; *Teabout v. Roper,* 62 Iowa, 603; *Jones v. Leech,* 46 Iowa, 186. Even if the attorney referred to was generally employed to look after plaintiff's business, nevertheless it was plainly her duty

to advise him of the service of the notices upon her in order that he might make defense, and, having failed to take this reasonable precaution to see that defense should be made for her, she was so far guilty of negligence as to be barred from now claiming that the judgment was the result of unavoidable casualty or misfortune.

III.   We think it further satisfactorily appears from the evidence that plaintiff's son, who had general charge of her business affairs, and was especially relied upon by her after she became the owner of these lots in attending to negotiations for their sale, knew of the judgment about three months after it was rendered, and therefore within the year during which, in the absence of some satisfactory excuse, the proceeding for a new trial should have been instituted.  The plaintiff is entitled to relief in an action instituted after the expiration of the period fixed by the statute only on the showing of some good ground for not having acted within the statutory period, and we think that there is no such showing in this case.

3. SAME: time of commencing action.

The decree is *affirmed*.