M. J. HARDING, Appellant, v. W. H. QUINLAN, Appellee.

No. 40164.

MARCH 18, 1930.

*Comfort & Comfort*, for appellant.

*Joseph C. Picken*, for appellee.

ALBERT, J.—On October 7, 1927, W. H. Quinlan instituted an action in the municipal court of the city of Des Moines against M. J. Harding, on a promissory note for $357.58, and Harding was duly notified, and appeared. Twelve days thereafter, to wit, on October 19, 1927, Harding was adjudged a bankrupt in the Federal Court of the Southern District of Iowa. In such proceedings, Quinlan filed a claim on this note, and was paid a dividend of $41.83, and Harding was discharged in the proceedings on August 10, 1928. Nothing was done on this case in the original proceedings in the municipal court until the latter part of October, 1928, when Judge Sellers of that court assigned this case for disposal on November 2, 1928. Notice of said hearing was published in the Daily Record, an official paper of the city of Des Moines, Iowa, in accordance with the rules of practice of the municipal court of said city, and on the 7th day of November following, a default judgment was entered against Harding in the amount of $598.73. Execution was later issued on said judgment, and property of Harding was levied upon.

On April 20, 1929, plaintiff herein filed his petition in the municipal court, praying that the judgment above referred to, entered on November 7, 1928, be set aside, and that the officer of the municipal court who made the levy of execution be restrained from selling the property, and on final hearing, that he be permanently enjoined from disposing of said property, and claiming that the note in controversy and the debt created thereby were extinguished by the adjudication in bankruptcy and his subsequent discharge. He further claims that the defendant knew of the pendency of the bankruptcy proceedings and his discharge, and that, in taking the default judgment against the plaintiff, defendant perpetrated a fraud upon the court. The municipal court dismissed plaintiff's petition; hence this appeal.

Simplified, in the case of Quinlan v. Harding, between the time the suit was instituted and the time judgment was taken by default, Harding had been discharged in bankruptcy, as against this particular debt, and, 5 months and 13 days after the entry of said judgment, this action was brought, to set it aside on the grounds above stated.

The force and effect of a discharge in bankruptcy is to place in the hands of the bankrupt a complete and perfect defense to an action on the debt barred thereby; but, when re-

 covery is sought on this debt in another action, the discharge in bankruptcy avails nothing, unless it is set up and pleaded as a defense. *In re Estate of Fussell,* 129 Iowa 498; *Reining v. Nevison,* 203 Iowa 995; *Dimock v. Revere Copper Co.,* 117 U. S. 559 (29 L. Ed. 994) ; 7 Corpus Juris 414, Section 733; *Hallagan v. Dowell,* 179 Iowa 172; *Fierce v. Fleming,* 205 Iowa 1281.

Under this rule, Harding, knowing of his discharge in bankruptcy, should have pleaded the same as a defense in the municipal court case; but since he failed to do so, the discharge in bankruptcy avails him nothing, and the fact that the plaintiff in that case (Quinlan) knew of the existence of the discharge in bankruptcy at the time he took the judgment cannot be made a basis of a charge of fraud in the taking of the judgment. In other words, the fact that the plaintiff knows that the defendant has a legitimate defense to his claim cannot be made the basis of a charge of fraud in the taking of a judgment by default.

In addition to this fact, Section 10681, Code, 1927, governing this court, provides:

"Motions to set aside defaults may be made within ten days after the entry thereof. Motions to vacate a judgment or order, because of irregularity in obtaining it, must be made within ninety days from the entry thereof."

The plaintiff failed to avail himself of either of these provisions of the statute, but waited for over five months before filing his petition in this matter. The statute having limited  the time in which such attack may be made on a judgment, and the plaintiff having failed to come within the limits therein provided, he has no right whatever to make the present attack on this judgment.

Section 10664, Code, 1927, provides:

"All provisions of law relating to the district court and the judges and the jurors thereof shall, so far as applicable and when not inconsistent with this chapter, apply to the municipal court and the judges thereof."

We pass the question of whether or not the remedy now

sought to be exercised in this case is inconsistent with the provisions of the law governing municipal courts. Section 10952 provides:

"Judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered."

We construed this section in *Ulber v. Dunn,* 143 Iowa 260. When this rule is applied to the facts before us, there is nothing alleged which would amount to a defense "which has arisen or  been discovered since the judgment was rendered." Fraud and negligence in not interposing a valid defense is not a ground for vacating a judgment. *Jones v. Leech,* 46 Iowa 186; *McConkey v. Lamb,* 71 Iowa 636; *Jackson v. Gould,* 96 Iowa 488; *Church v. Lacy & Co.,* 102 Iowa 235; *McCormick v. McCormick,* 109 Iowa 700; *Weitzel v. Lieuwen,* 179 Iowa 1250; *Jenkins Lbr. Co. v. Cramer Bros.,* 182 Iowa 161.

It is quite evident, therefore, under the rules above stated, that the plaintiff had no right to maintain this action, and the court was right in its ruling in dismissing his petition.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.