MARY W. WARE, Administratrix, Appellant, v. ALBERT ECKMAN et al., Appellees.

No. 44226.

FEBRUARY 15, 1938.

784

Stull, Lucier & Elmquist, for appellant.

Valentine & Valentine, for appellees.

MITCHELL, J.—Mary W. Ware, as administratrix of her husband's estate, commenced this action under the provisions of Section 12787 of the 1935 Code of Iowa to set aside the decree signed February 10, 1930, in a case entitled ''Albert Eckman and Mrs. Albert Eckman v. H. E. Ware and Mrs. H. E. Ware.'' The decree in that case established the judgment as a lien upon the interest of H. E. Ware in a certain piece of real estate. The Eckmans admitted that the decree established the lien on the land, but claimed it was duly entered, and asked that the petition of the administratrix be dismissed, and the court so held. The administratrix has appealed.

We are confronted in this case with some very interesting and novel propositions of law, which, if they were decided as the appellant contends, would make uncertain decrees in every case in every court, regardless of when entered; would greatly increase litigation; and would be disastrous to our present judicial system.

Let us look at the facts.

Some twenty-three years ago R. L. Ware made and executed his last will and testament, devising and bequeathing to his wife all of his property during her lifetime and at her death to be sold and the proceeds divided equally among his three surviving children, providing further that in the event any one of the children did not survive his wife that child's share would go to the issue of the said deceased child. One of his sons was Henry Elmer Ware. It is claimed that on the 1st day of June, 1923, he made, executed, and delivered a warranty deed to his wife, Mary W. Ware, for his undivided one-third interest in his father's estate. On the 6th of August, 1925, Henry Elmer Ware executed a note in the amount of $2,500 to Albert Eckman and Mrs. Albert Eckman, which was reduced to judgment on the 13th day of May, 1929. On the 3d day of January, 1926, R. L. Ware died, leaving one-third of his property to his son, subject only to a life estate in his widow.

On May 13, 1929, Henry Elmer Ware was adjudged a bankrupt and on the 11th day of January, 1930, the United States District Court entered an order, discharging him. On July 30, 1929, the Eckmans filed their petition in equity, asking that the deed from Henry Elmer Ware to his wife be set aside as being in fraud of the creditors of Henry Elmer Ware, and that the court establish their judgment as a lien on the land conveyed by said deed. The case came on for trial on December 17, 1929. The Wares were duly served with notice, and they employed as their attorney T. G. Fee. The case was taken under advisement, with agreement by counsel that the decree could be filed in vacation. On February 10, 1930, the decree sought to be set aside in this action was signed and filed. On the 14th day of July, 1936, Henry Elmer Ware died. His mother, the life tenant, had died prior to that time. On July 30, 1936, petition was filed by Mary W. Ware as administratrix of the estate of Henry Elmer Ware, asking that the decree signed February 10, 1930, be set aside, and that is the question that confronts us here.

Before we discuss the other questions involved in this case, we must first ascertain whether or not appellant has cleared the first hurdle that confronts her, and that is, whether she has met the provisions of section 12787 of the 1935 Code, for if she has not shown grounds for vacating or setting aside the judgment within the provisions of that section, then her action must of necessity fail.

The appellant claims there are two provisions in section 12787, and only two, under which she comes: (3) "For erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record"; (2) "For fraud practiced in obtaining the same."

Let us discuss these questions in this order.

Henry Elmer Ware was duly served with notice of the pendency of the suit. He was represented by counsel at said trial, and testified as a witness. There is no claim made that anyone at that time knew or claimed he was insane. The trial was completed before he was adjudged insane.

A recent decision of this court, by Justice Faville, Engelbercht v. Davison, reported in 204 Iowa 1394, 213 N. W. 225, is decisive of this question. We quote, 204 Iowa 1394, from page 1401, 213 N. W. 225, 228:

"Appellee contends that, under section 10997, Code of 1924, 'no judgment can be rendered against a minor until after a defense by a guardian,' and that the same rule applies to a person of unsound mind. The statute, however, makes a clear distinction. Section 10997 refers to defense by a minor, and contains said provision; but section 11000, referring to the defense of an insane person by a guardian, applies only to such persons as have been judicially declared to be insane, or are confined in a state hospital for the insane. There is no requirement of the statute that a person who is not judicially declared to be insane, and who is not confined in a hospital for the insane, must defend by a guardian unless it appears somewhere in the course of the proceedings that the person is, in fact, of unsound mind. Neither a plaintiff nor the court is required to appoint a guardian *ad litem* for an adult who has been personally served with notice, and who appears by counsel and presents a defense in a case where the defendant has not been judicially declared to be of unsound mind, and is not confined in a hospital for the insane, and where there is no fraud or concealment, and neither the court nor the plaintiff has notice or knowledge that such defendant is a person of unsound mind. To hold otherwise would require the court or a plaintiff to examine into the mental condition of every adult defendant appearing by counsel, before a judgment could safely be entered."

In view of the record in the case at bar, that Ware was represented by counsel and was present in court, that he was not confined in a state hospital and had not been adjudged insane until the case was completed, the court was not required to determine whether or not Ware was insane at the time of the trial. Every person is presumed to be of sane mind until the contrary appears. If this were not the rule, courts would spend all of their time listening to mental experts give an opinion as to whether a person is sane or insane, rather than deciding the merits of the case.

■■ The other question involved is whether or not there was fraud practiced in obtaining the decree. There is no claim on the part of the appellant that there was any wilful or intentional fraud committed; the only fraud alleged is that Mr. Fee, the attorney representing the Wares, was guilty of constructive fraud in failing to interpose as a defense in the case in which

it is now sought to set aside the decree, the adjudication in bankruptcy of Henry Elmer Ware. It is appellant's claim, and she testified, that she informed Mr. Fee her husband had gone thru bankruptcy and that that should be pled as a defense. We will not discuss the question of whether or not that was a good defense as we find it unnecessary to determine same in this case. The record here shows that Mr. Fee has been a practicing attorney for a great many years, and there is not one iota of evidence to show that he in any way was guilty of any intentional fraud. He testified, and the record shows conclusively, that the question of the bankruptcy of Henry Elmer Ware was before the court, for in the opinion filed by Judge Walker, who tried the case in the lower court, the question of the bankruptcy of Henry Elmer Ware is referred to.

The important question with which we are concerned here is whether or not a person can come into court seven years after a decree has been duly entered, and allege that there was constructive fraud in the securing of a decree, the constructive fraud consisting only in the claim that her attorney failed to plead as a defense a defense which she said should have been pled. There is no claim that the Eckmans or their attorneys were in any way connected with the alleged fraud.

There can be no doubt that in Iowa the negligence or fraud of a party's own attorney is not sufficient showing of fraud to establish ground 2 under section 12787 of the 1935 Code.

In the case of Jones v. Leech, 46 Iowa 186, this court said at page 187:

"The law regards the neglect of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Were courts authorized to disturb judgments because of the neglect and unskillfulness of attorneys appearing in the cases, the character of these adjudications of the courts for stability would be wonderfully impaired. It would frequently occur that a judgment would not be regarded as settling the rights of the parties, until the court had, in a proceeding of this character, passed upon the skill and diligence of the counsel. This would not result so often from actual negligence or want of skill of attorneys, as from the disposition of litigants to avail themselves of every possible avenue of escape from the consequences of defeat."

We cannot help but remark that the last part of the above-quoted paragraph is very much in point, for appellant was a party to the original action and the decree found that she was guilty of fraud, together with her husband, in the transfer of the land from her husband to herself. She had a right of appeal from the lower court in that case and did not exercise that right. Now to set aside the decree upon a claim made by her, a party to the original action, that her lawyer was guilty of constructive fraud in not pleading a certain defense, would, in the words of the case cited, be "to avail herself of every possible avenue of escape from the consequences of defeat."

Before a court will set aside a decree duly entered, on the grounds that there was fraud in the securing of the decree, there must be evidence that the opposing party or his attorney was in some way connected with the alleged fraud. To hold otherwise would make all decrees uncertain and there would never be any end to litigation. And courts are interested in seeing that litigation finally ends.

In McCormick v. McCormick, 109 Iowa 700, at page 703, 81 N. W. 172, 173, this court said:

"Again, fraud and negligence of an attorney in not interposing a valid defense is not ground for vacating a judgment and granting a new trial."

And in Harding v. Quinlan, 209 Iowa 1190, at page 1193, 229 N. W. 672, 673, we find:

"Fraud and negligence in not interposing a valid defense is not a ground for vacating a judgment."

There was no other conclusion possible under this record that the lower court could have come to than it did reach—that the appellant has failed to come under any of the provisions of Code section 12787, and it necessarily follows that the judgment and decree of the lower court must be, and it is hereby, affirmed. —Affirmed.

Chief Justice and all Justices concur.