In re the MARRIAGE OF Diana Lea JOHNSON and Grant C. Johnson.

Upon the Petition of Diana Lea Johnson, Appellant/Cross–Appellee,

And Concerning Grant C. Johnson, Appellee/Cross–Appellant.

No. 92–800.

Court of Appeals of Iowa.

Feb. 23, 1993.

Timothy McCarthy II of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellant.

Allan H. Rauch, Des Moines, and Thomas P. Schlapkohl, Des Moines, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

Diana and Grant Johnson were married on August 17, 1982. The parties have one child, Lindsay, born on September 30, 1983. Grant is employed as an automobile body specialist. Grant's gross annual income is approximately $25,764. Diana is an account representative. Her gross annual income is approximately $29,235.

On September 9, 1991, Diana filed this petition for dissolution. The district court entered an order granting Diana temporary custody of Lindsay and ordered supervised visitation between Grant and Lindsay.

A hearing was held on the dissolution petition and the district court issued its findings and conclusions from the bench. The district court concluded both parties had a good relationship with Lindsay. The district court found Diana had a problem with controlled substances which affected her relationship with her husband and her daughter. The court found Grant had recently provided more of the child's care. Based upon these findings, the district court awarded joint custody to both parties and awarded physical custody of Lindsay to Grant.

With respect to the economic issues, the district court found Grant failed to sustain his burden to prove he brought $15,000 into the marriage. The district court valued the family home at $50,000 and awarded it to Grant. The court found the approximate marital worth of the parties to be $62,891. The district court then divided the marital property and debts. The district court awarded Grant approximately $55,841 and ordered him to pay Diana approximately $24,396. With respect to child support, the district court found Grant's net monthly income to be approximately $1673 and Diana's to be approximately $1861. The district court ordered Diana to pay child support in the amount of $419 per month.

On March 19, 1992, the district court entered a decree, consistent with its prior findings, dissolving the marriage of the parties. Diana filed a motion for an extension of time to file posttrial motions which the district court granted. Subsequently, Grant filed a motion to reconsider and Diana filed a motion for a new trial. Grant argued the district court erred in determining child support, valuing the real estate, denying his claim for a $15,000 credit, and dividing the parties' debts. Diana alleged her trial attorney failed to properly prepare for trial and neglected her case. Diana based her inadequate representation claim on her attorney's failure to obtain a home study and failure to call a single character witness to refute allegations of drug usage or to support her allegations Grant abused alcohol. The district court overruled both motions finding the decree was fully supported by the evidence and in accordance with the law.

Diana has appealed and Grant has cross-appealed.

■■■ Our review is de novo. Iowa R.App.P. 4. While not bound by the district court's determination of factual findings, we will give them considerable weight, especially when considering the credibility of witnesses. *In re Marriage of Craig*, 462 N.W.2d 692, 693 (Iowa App. 1990).

■■■ **I.** *Ineffective Assistance of Counsel Claim.* Diana argues the district court erred in failing to grant a motion for new trial based on her claim of ineffective assistance. The general rule in civil cases is a claim of inadequate representation is not a sufficient basis for granting a new trial. *Jones v. Leech*, 46 Iowa 186, 187 (1877) (citations omitted); *see Ware v. Eckman*, 224 Iowa 783, 787, 277 N.W. 725, 727–28 (1938); *Iowa Cord Tire Co. v. Babbitt*, 195 Iowa 922, 929–30, 192 N.W. 431, 434 (1923); *McCormick v. McCormick*, 109 Iowa 700, 703, 81 N.W. 172, 173 (1899); *see also Everett v. Everett*, 319 Mich. 475, 29 N.W.2d 919, 921 (1947). We quote the Iowa Supreme Court:

The law regards the neglect of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Were courts authorized to disturb judgments because of the neglect and unskillfulness of attorneys appearing in the cases, the character of these adjudications of the courts for stability would be wonderfully impaired. It would frequently occur that a judgment would not be regarded as settling the rights of the parties, until the court had, in a proceeding in this character, passed upon the skill and diligence of the counsel. This would not result so often from actual negligence or want of skill of attorneys, as from the disposition of litigants to avail themselves of every possible avenue of escape from the consequences of defeat. This rule is not intended for the protection of the legal profession, but is founded upon the ne-

cessity of regarding judgments as final between the parties. *Jones*, 46 Iowa at 187. "It is a rule well settled, and necessary for the orderly and timely discharge of the business of the courts, that a client be charged with the neglect of his attorney." *Babbitt*, 195 Iowa at 929–30, 192 N.W. at 434 (citation omitted). We conclude the district court properly denied a new trial. We affirm the district court on this issue.

**II. Child Support.** We find the amount of child support set by the district court was appropriate pursuant to the support guidelines. The district court properly relied on monthly net incomes of $1673 for Grant and $1861 for Diana. We affirm the district court on this issue.

**III. Property Distribution.** On cross-appeal Grant contends the property distribution set forth by the district court in inequitable. Grant argues the district court erred in (1) attributing a value of $50,000 to the marital home; (2) awarding him $5000 for tools he alleges he brought into the marriage; (3) ordering him to pay two debts he claims are personal to Diana and should not be considered as marital debts; and (4) failing to credit him $15,000 he allegedly brought into the marriage for the purchase of the marital home.

Property brought into a marriage by one party need not necessarily be divided. *In re Marriage of Lattig*, 318 N.W.2d 811, 815–16 (Iowa App.1982). The partners in a marriage are entitled to a just and equitable share of the property accumulated through joint efforts. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa App. 1991). The Iowa courts do not require an equal or percentage division. *Id.* The determining factor is what is fair and equitable in each particular circumstance. *Id.*

**A. Home.** Grant contends the marital home has a value of only $36,000. The record shows there was much difference in the value placed on the home by the parties. In support of his contention Grant produced an appraisal written by a real estate agent. The appraisal stated a probable sales price was $36,000. Additional information on the appraisal claimed the county treasurer assessed the home at $24,894. We find the appraised value of $36,000 should have been used in the property distribution.

**B. Tools.** Grant argues the value of the tools which he brought into the marriage should not be included as marital assets in the property distribution. The record shows Grant brought a substantial amount of tools into the marriage. The district court assessed the value of all of Grant's tools to be $5000. The court then awarded the total $5000 to Grant in the property distribution. We reduce the amount of this award to compensate for the amount of tools Grant brought into the marriage. *Lattig*, 318 N.W.2d at 815. We award Grant a value of $500 for the tools which he acquired during the marriage and exclude the value of the other tools which he brought into the marriage.

**C. Debts.** Grant claims the district court should not have included two debts, which were personal to Diana, in the parties' total indebtedness. In dividing the parties' marital debts the district court included as marital debts a $1500 obligation to Cash Credit and a $2300 obligation to Telco. Diana testified her name was on these debts and she was responsible for them. The record shows these debts were personal to Diana and should not have been included in the division of the parties' marital debts.

**D. Credit.** Grant asserts he brought $15,000 into the marriage. He alleges this money was used for the purchase of the marital home. There is a lack of evidence in the record which could persuade this court such a credit was necessary in order to reach an equitable property distribution. We find Grant failed to provide sufficient evidence to support his assertion.

We find the property distribution set forth by the district court was not equitable. Using the same mathematical procedures as the district court, we modify the district court's decision with regard to the property distribution. In accordance with the above modifications we reduce the amount of the lien awarded to Diana on the

marital home to $13,946. This sum will constitute the first lien upon the marital home. We order Grant to pay an amount of $13,946 to Diana pursuant to the same terms as ordered in the district court decree.

Each party shall pay his or her own attorney fees on appeal. Costs of appeal are assessed one-half to Grant and one-half to Diana.

**AFFIRMED IN PART AND MODIFIED IN PART.**