**IN THE COURT OF APPEALS OF IOWA**

No. 14-0524
Filed April 8, 2015

IN RE THE MARRIAGE OF BILL E. MARGELLOS
AND HOLLY C. MARGELLOS

Upon the Petition of
**BILL E. MARGELLOS,**
        Petitioner-Appellee,

And Concerning
**HOLLY C. MARGELLOS,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

        Holly Margellos appeals the district court's physical care decision in the decree dissolving her marriage to Bill Margellos. **AFFIRMED.**

        Tara S. Vonnahme of Vonnahme Law, P.C., Sioux City, for appellant.

        Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

Bill and Holly Margellos married in 2004 and divorced in 2014. They had two children, who were eight and three at the time of trial. The district court granted Bill physical care of the children, subject to liberal visitation with Holly. On appeal, Holly contends (1) the court should have awarded her physical care of the children and (2) "the district court had no finding of fact to support the determination of physical care due to inadequate counsel."

## I. *Physical Care*

The first and governing consideration in resolving custody disputes is the best interests of the children. Iowa R. App. P. 6.904(3)(o). Holly contends their best interests required placement with her because she spent more "quality time" with them. Bill counters that his "living arrangements and financial situation are demonstrably stable, whereas Holly's are not." He also asserts he "will keep the children in a school and neighborhood that they are familiar with, and where they have friends and family, and where they will be safe."

The district court determined Bill was the more stable parent. The court made detailed findings of fact drawn directly from the concededly short trial transcript. In pertinent part, the court stated:

> Bill has the greater employment stability which would allow him to provide an appropriate home for the needs of the children. The court finds th[at] Bill has maintained a stable home environment for children. Holly lived with her father for five months after the breakup and for whatever reason, was kicked out of the home by her father. The court finds Holly's evidence on that point not to be credible. Then, Holly almost immediately began living with Roger and introducing the children to a new man whom they would live with when she had the kids. Although Holly and Roger are intending to get married, there was no way that Holly would have known that when she made the decision to move in with Roger.

>Therefore, based on the limited record, the court finds that awarding Bill primary physical care is in the long-term best interests of the children.

On our de novo review, we agree with these findings.

The district court's physical care determination also finds support in an affidavit on temporary matters offered by Bill and admitted without objection at trial. Bill attested the older child should remain in the elementary school she had always attended, where she excelled as a student and enjoyed the company of friends and cousins. He opined the school would bring her "comfort" and a sense of normalcy during a turbulent period. In his view, "[t]here is no reason [the child] should have to go to a new school where she doesn't know anyone there and start all over again."

Bill described his work hours and his routine with the children. If the children were with him, he stated they would have the benefit of primarily sleeping in their own beds in their own rooms instead of having to share rooms with the children of Holly's fiancé. He also asserted his father could assist with school pick-ups and after-school care for the older child.

At trial, Holly conceded she would move the older child to her fiancé's school district in the event she was granted physical care. While she testified there were "kids up and down the street" with whom the older child could play, she did not identify any of them by name, as Bill did. And, while she maintained the older child wished to transfer schools, the district court found—and we agree—"[t]here is no record made on [the child's] level of maturity to make such a choice."

As for the younger child, the parents agreed she would stay with Holly during Bill's work hours, in order to avoid day care costs. This meant the child spent more waking time with Holly than with Bill, a fact Holly contends supports reversal of the physical care determination. We disagree. As the district court pointed out, the day care arrangement would only last until the younger child began attending school, at which point the parents would have to come up with alternate plans.

Holly also testified the younger child threw tantrums when she had to return to Bill's house. However, the tantrums also occurred before transfers from Bill to Holly. Accordingly, this evidence did not favor either parent.

We conclude the district court acted equitably in granting Bill physical care of the children.

## II.  Inadequate Counsel

Holly contends both trial attorneys were ineffective in failing to develop a more complete record on the custody issue. She asserts their omissions prevented the court from making findings of fact, and she is entitled to a new trial.

"The general rule in civil cases is a claim of inadequate representation is not a sufficient basis for granting a new trial." *In re Marriage of Johnson*, 499 N.W.2d 326, 327 (Iowa Ct. App. 1993). This court has applied the general rule to custodial matters. *See In re Marriage of Risbeck & Riley*, No. 12-1828, 2013 WL 1749822, at *4 n.6 (Iowa Ct. App. Apr. 24, 2013) ("A party is not entitled to effective assistance of counsel in a custodial matter."). Holly has cited no contrary authority allowing us to consider an ineffective-assistance-of-counsel claim in this context.

Assuming without deciding we had such authority, we would conclude the district court was presented with sufficient evidence to make fact findings on the custody issue. As noted, those findings were detailed. Accordingly, we discern no basis for an ineffective-assistance-of-counsel claim, even if one were permissible.

### III. *Appellate Attorney Fees*

Both parties request appellate attorney fees. An award is discretionary. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). We decline Holly's request because she did not prevail and we deny Bill's request because he has the ability to pay his own fees.

**AFFIRMED.**