# IN THE COURT OF APPEALS OF IOWA

No. 16-0013
Filed September 13, 2017


IN RE THE MARRIAGE OF SCOTT ALLEN BOUCHER
AND CANTANA ANGELA BOUCHER

Upon the Petition of
SCOTT ALLEN BOUCHER,
    Petitioner-Appellee,

And Concerning
CANTANA ANGELA BOUCHER,
    Respondent-Appellant.
_____


Appeal from the Iowa District Court for Linn County, Chad A. Kepros, Judge.


Cantana Boucher appeals from the decree dissolving her marriage to Scott Boucher. **AFFIRMED.**


Cantana A. Boucher, Cedar Rapids, appellant pro se.

Andrew R. Wiezorek of Jacobsen, Johnson & Wiezorek, P.L.C., Cedar Rapids, for appellee.


Considered by Potterfield, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Cantana Boucher appeals from the decree dissolving her marriage to Scott Boucher, claiming the district court erred in failing to grant a motion for new trial based on the ineffective assistance of her counsel, challenging the property distribution ordered by the court as inequitable, and claiming the court erred in allowing the dissolution proceedings to continue while a temporary conservatorship was in place. We affirm.

Scott and Cantana divorced in 2015 after nearly twenty-five years of marriage. They have two children, one born in 1999 and the other in 2010. In 2013, Scott filed a petition to dissolve the marriage and moved from the family home. A temporary order was entered, ordering physical care of the children with Cantana subject to visitation with Scott. After a trial, the district court entered a decree dissolving the marriage. Cantana appeals.

Cantana complains she received ineffective assistance of counsel. Cantana was represented by four different attorneys during the divorce proceeding, which the court observed "contributed to the delays and the communication breakdowns between the parties." The court granted several motions to continue trial filed by Cantana and her attorneys. Trial eventually took place in November 2015, during which time Cantana answered in the affirmative that she wanted her current attorney "to represent [her] in these matters." The dissolution decree was entered in December 2015; no post-trial motions were filed by either party. Cantana filed a notice of appeal later that month.

At the outset, an issue not presented to the district court cannot be decided for the first time on appeal. *See In re Marriage of Gensley*, 777 N.W.2d

705, 718 (Iowa Ct. App. 2009) (citing *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). Here, there was no motion for new trial, Cantana did not present this issue to the district court, and her claim with regard to counsel's representation is not preserved. In any event, even on its merits, "[t]he general rule in civil cases is a claim of inadequate representation is not a sufficient basis for granting a new trial." *In re Marriage of Johnson*, 499 N.W.2d 326, 327 (Iowa Ct. App. 1993). "It is a rule well settled, and necessary for the orderly and timely discharge of the business of the courts, that a client be charged with the neglect of his attorney." *Id*. at 328 (citation omitted).

Cantana next contends the court "inequitably divided the parties' property" because the court "failed to take into proper account the economic waste created by Scott's behavior." According to Cantana, when Scott "left the family, all bank accounts were completely depleted and all mortgages and bills weren't paid, though Scott had been the only wage-earner and Cantana had never worked for wages in the marriage." The parties agreed bills were overdue at the time of trial—expenses the parties agreed Scott had primarily been responsible for during the marriage—but Cantana offered no evidence to support her claims that Scott withheld money from the family or depleted the parties' accounts. Both parties were unemployed at the time of trial. And as the district court observed, "Neither party presented an adequate record on which to make informed decisions regarding the identification, valuation, and distribution of assets and liabilities." Even so, the court attributed income to Scott in the amount of $20,000 per year for child support purposes and ordered Scott to pay spousal support of $200 per month to Cantana. Like the district court, we will consider the relative

disparity of the earning capacity and economic circumstances of each party in determining an equitable property division. *See* Iowa Code § 598.21(5) (2013). Upon our de novo review, and in light of all the facts and circumstances of this case, we find the district court's property division fair and equitable. *See id.*; *see also In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013).

Cantana also claims the district court erred in "allowing Scott to initiate and prosecute the dissolution petition while under the protection of a conservatorship." Cantana filed a conservatorship against Scott in 2013, which was dismissed at her cost five months later. Cantana did not raise her challenge before the district court as to whether the dissolution proceeding could continue while a temporary conservatorship was in place. Accordingly, this claim is not preserved for our review. *See Meier*, 641 N.W.2d at 537.

Upon our review of the issues raised on appeal, we affirm the dissolution decree entered by the district court. We decline to award appellate attorney fees in this case. Costs on appeal are assessed to Cantana.

**AFFIRMED.**